UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES LAMIRAND and TRACY LAMIRAND,

    Plaintiffs,

v.

FAY SERVICING, LLC,

    Defendant.
_____/

Case No.:

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

COME NOW the Plaintiffs, CHARLES LAMIRAND and TRACY LAMIRAND (hereinafter referred to as "Plaintiffs"), by and through undersigned counsel, and hereby sue the Defendant, FAY SERVICING, LLC (hereinafter referred to as "Defendant") for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiffs, Charles and Tracy Lamirand, are natural persons who reside in the Lee County, Florida, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

5. Defendant, Fay Servicing, LLC, is a foreign limited liability company operating from a principal address of 440 S. LaSalle Street, 20th Floor, Chicago, IL 60605, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7) because it is principally engaged in the business of collecting debts, or regularly collets debts owed or due or asserted to be owed or due to another. Upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTUAL ALLEGATIONS

6. On or about September 5, 2003, Plaintiffs incurred a debt that was primarily for personal, family, and household purposes (hereinafter the "Debt"). Specifically, Plaintiffs incurred a debt to Fleet National Bank (hereinafter "Fleet") for the purchase of residential property located at 18168 Phlox Drive, Fort Myers, Florida 33967 (hereinafter the "Subject Property").

7. Plaintiffs eventually fell behind on payments and went into default on the Debt.

8. Servicing of the Debt was subsequently transferred from Fleet to Ventures Trust 2013-I-H-R, by MCM Capital Partners, LLC, its Trustee (hereinafter "MCM"), who filed a foreclosure complaint against Plaintiffs in Lee County, case no. 15-CA-051180 (hereinafter the "Foreclosure Action"). *See* **Exhibit "A"** attached hereto.

9. The complaint filed in the Foreclosure Action specifically requested that the court retain

jurisdiction to grant a deficiency judgment. *See* Exhibit "A".

10. On February 4, 2016, attorney David W. Fineman of The Dellutri Law Group, P.A. entered an appearance on behalf of the Plaintiffs in the Foreclosure Action by filing a Motion to Quash Service by Publication. *See* **Exhibit "B"** attached hereto.

11. Mr. Fineman and his law firm continued to represent Plaintiffs with respect to the Debt throughout the Foreclosure Action. As of the date of this pleading, the Foreclosure Action remains pending, and Mr. Fineman and his firm continue to represent Plaintiffs.

12. MCM, as plaintiff in the foreclosure action, received all papers and pleadings filed in the foreclosure action through its counsel. Accordingly, at all times relevant hereto, MCM and its counsel were fully aware that Plaintiffs had legal representation in the Foreclosure Action with respect to the Debt.

13. At some point after the Foreclosure Action was filed, and well after the alleged date of default, the Debt was assigned to Defendant for collection as servicer on behalf of MCM. Defendant was aware, at all times relevant hereto, that Plaintiffs had legal representation in the Foreclosure Action with respect to the Debt.

14. After having been transferred the Debt, and despite the fact that Defendant had full knowledge that Plaintiffs were represented with respect to the Debt, Defendant placed a number of phone calls directly to Plaintiffs in an effort to collect the Debt.

15. Specifically, Defendant called Plaintiffs' cellular telephone on the following dates in an effort to collect the Debt:
    a. May 12, 2017
    b. May 22, 2017
    c. May 25, 2017

  d. May 31, 2017

  e. June 5, 2017

  f. February 27, 2017

  g. December 8, 2017

  h. March 19, 2018

  i. March 23, 2018

16. When Plaintiffs did not answer Defendant's phone calls, Defendant's representatives would frequently leave voicemails which specifically stated that the Defendant was a debt collector and that the phone calls were attempts to collect debt.

17. All of the above-referenced phone calls were placed to Plaintiffs' cellular telephone from either (312) 517-0748, (312) 517-0750 or (312) 517-0844. When any of those numbers is called back, an automated system picks up the call and an automated voice states: "Thank you for calling Fay Servicing, a mortgage servicer. Fay Servicing is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose."

18. At no point did either Plaintiff provide Defendant, or Defendant's predecessor in interest to the Debt, with their cellular telephone number, nor did they provide Defendant or its predecessor in interest with express written consent to be contacted at such number.

19. Upon information and belief, Defendant used an automated telephone dialing system to contact Plaintiffs on their cellular telephone.

20. The above-detailed conduct by Defendant of harassing Plaintiffs in an effort to collect the Debt was a violation of numerous and multiple provisions of the FDCPA and the FCCPA.

21. The above-detailed conduct by Defendant of calling Plaintiffs on their cellular telephone, without express written consent to do so, was a violation of the TCPA.

22. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress experienced by the Plaintiffs.

23. Plaintiffs have suffered actual damages as a result of these illegal collection communications by the Defendant, including but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.72(7), Fla. Stat.

24. Plaintiffs incorporate by reference 1 – 23 of the paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA.

26. Under the provisions of Fla. Stat. § 559.72(7), Defendant was and is prohibited from (a) willfully communicating with a debtor or any member of a debtor's family with such frequency as can reasonably be expected to harass or abuse the debtor or the debtor's family, and (b) willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

27. Defendant violated Fla. Stat. § 559.72(7) by placing numerous phone calls to Plaintiffs' cellular telephone as described above.

28. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

29. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs will seek

to amend the Complaint to seek same if discovery shows punitive damages may be proper.

## COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.72(18), Fla. Stat.

30. Plaintiffs incorporate by reference 1 – 23 of the paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA.

32. Under the provisions of Fla. Stat. § 559.72(18), Defendant was and is prohibited from communicating with a debtor who is known to be represented by counsel with respect to such debt.

33. Defendant violated Fla. Stat. § 559.72(18) by placing the above-referenced phone calls to Plaintiffs in an effort to collect the Debt, when Defendant was fully aware that Plaintiffs had legal representation with respect to the Debt.

34. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

35. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiffs will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

## COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692b(6)

36. Plaintiffs incorporate by reference 1 – 23 of the paragraphs of this Complaint as though

fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

38. Defendant violated 15 U.S.C. § 1692b(6), which prohibits a debt collector from contacting a debtor in an attempt to collect a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt.

39. Defendant violated said statute by placing the above-referenced phone calls to Plaintiffs in an effort to collect the Debt, when Defendant was fully aware that Plaintiffs had legal representation with respect to the Debt.

40. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

41. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692b(6). Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT IV**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692d(5)**

42. Plaintiffs incorporate by reference 1 – 23 of the paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

44. Defendant violated 15 U.S.C. § 1692d(5), which provides that a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

45. Defendant violated said statute by placing numerous phone calls to Plaintiffs' cellular telephone in an attempt to collect the Debt as described above.

46. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

47. Plaintiffs have incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692d(5). Accordingly, the Plaintiffs seek actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT V**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

48. Plaintiffs incorporate by reference 1 – 23 of the paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act.

50. Under the provisions of 47 U.S.C. § 227(b)(a)(A)(iii), Defendant was and is prohibited from using any automatic telephone dialing system to make any call to any telephone number assigned to a cellular telephone.

51. The Plaintiffs have never given Defendant, or its predecessor in interest, any type of consent to call Plaintiffs' cellular telephone.

52. None of the phone calls placed by Defendant to Plaintiffs' cellular telephone were made for emergency purposes.

53. Before such calls were placed, the Defendant was aware of the prohibitions on making such calls pursuant to the TCPA.

54. As a direct result of Defendant's violations of the TCPA, Plaintiffs are entitled to actual monetary loss *or* $500.00 in damages for each violation, and reasonable costs pursuant to 47 U.S.C. § 227 from Defendant. As Defendant placed no fewer than nine (9) calls to Plaintiff's cellular telephone in violation of the TCPA, Plaintiffs seek statutory damages in an amount no less than $4,500.00 for such violations.

55. Additionally, 47 U.S.C. § 227 provides that a court may award treble statutory damages to Plaintiffs in the event that Defendant's violations of the TCPA are shown to have been "willful and knowing." Plaintiffs submit that Defendant's violations of the TCPA were both willful and knowing, and accordingly requests treble damages in an amount no less than $13,500.00.

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiffs, CHARLES LAMIRAND and TRACY LAMIRAND, having set forth their claims for relief against the Defendant, FAY SERVICING, LLC, respectfully prays of the Court as follows:

A.   That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to Fla. Stat. § 559.77(2), 15 U.S.C. § 1692k and 47 U.S.C. § 227;

B.   That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to Fla. Stat. § 559.77(2), 15 U.S.C. § 1692k and 47 U.S.C. § 227;

C.   That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney pursuant to Fla. Stat. § 559.77(2) and 15 U.S.C. § 1692k;

D.   That the Defendant be prohibited from engaging in further improper conduct; and

E.   That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: May 10, 2018

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
*Attorneys for Plaintiff*

By: Joseph C. LoTempio
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida        )
                        ) ss
COUNTY OF Lee           )

Plaintiff, CHARLES LAMIRAND, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
CHARLES LAMIRAND

Subscribed and sworn to before me this 4th day of May, 20 18 by CHARLES LAMIRAND who:

☐ is personally known; or

☒ produced identification FL DL _____.

_____
Notary Public

(SEAL)

KATHRYN MICHIE
Commission # FF 198362
Expires May 10, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____ )
                        ) ss
COUNTY OF _____ )

Plaintiff, TRACY LAMIRAND, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
TRACY LAMIRAND

Subscribed and sworn to before me this 9th day of May, 2018 by TRACY LAMIRAND who:

☐ is personally known; or

☑ produced identification Drivrs License.

_____
Notary Public

(SEAL)

> RENEE M. PIKE
> NOTARY PUBLIC - MICHIGAN
> Berrien County
> My Commission Expires December 13, 2023

- 12 -