UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES LAMIRAND and TRACY
LAMIRAND,

    Plaintiffs,

v.                                             Case No:   2:18-cv-333-FtM-38MRM

FAY SERVICING, LLC,

    Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiffs' Motion to Strike Defendant's Amended Affirmative Defenses, filed on July 24, 2018. (Doc. 23). Plaintiffs Charles Lamirand and Tracy Lamirand seek to strike each of Defendant Fay Servicing, LLC's amended affirmative defenses. (*Id.* at 10). Defendant filed a Response in opposition to the Motion on August 7, 2018. (Doc. 24). This matter is ripe for review. For the reasons explained below, the Undersigned respectfully recommends that Plaintiffs' Motion be **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **Background**

Plaintiffs filed a Verified Complaint on May 11, 2018, alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Fair Debt

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*  (Doc. 1 at 1).

On June 18, 2018, Defendant filed an Answer and Affirmative Defenses alleging twelve affirmative defenses.  (Doc. 16 at 10-13).  Following a conference between the parties, Defendant filed an Amended Answer and Affirmative Defenses on July 19, 2018.  (Doc. 23 at 1-2).  Defendant's Amended Answer reduced its affirmative defenses to eight.  (Doc. 22 at 10-12).

In response to Defendant's Amended Answer, Plaintiffs filed the instant Motion asking the Court to strike all eight affirmative defenses.  (Doc. 23 at 2).  Plaintiffs argue that the affirmative defenses are "wholly conclusory, contain no factual support or context, and are simply formulaic recitations of generic legal doctrines," denials of the allegations, or inapplicable to the case at hand.  (*Id.*).  As such, Plaintiffs contend that each is due to be stricken.  (*Id.*).  The Undersigned separately considers each of the affirmative defenses in numerical order below.

## II.     Legal Standard

Fed. R. Civ. P. 8(c) governs affirmative defenses, stating that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  *Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-cv-855-FTM-29CM, 2017 WL 2544872, at *1 (M.D. Fla. June 13, 2017) (quoting *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999)).  Nevertheless, "a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."  *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

Moreover, a court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Nonetheless, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations and citations omitted). Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (citations omitted).

Additionally, an affirmative defense will be stricken if it is insufficient as a matter of law. *Herman v. SeaWorld Parks & Entm't, Inc.*, No. 8:14-cv-3028-T-35EAJ, 2015 WL 12859432, at *2 (M.D. Fla. June 16, 2015) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor*, 419 F. Supp. at 1000).

Moreover, there is some question as to whether the pleading standard articulated in *Twombly/Iqbal* applies to affirmative defenses. Compare *Herman*, 2015 WL 12859432, at *3 (concluding that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses), with *Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-CV-232-FTM-38, 2015 WL 4496101, at *1 (M.D. Fla. July 23, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007) and stating "[a] pleader must . . . plead enough facts to state a plausible basis for the claim"). Despite this split, this Court has routinely held that "a defendant is required to plead sufficient relevant factual 'allegations connecting the defense to [the plaintiff's] claims in th[e] case.'" *Daley v. Scott*, No. 2:15-cv-269-FTM-29DNF, 2016 WL 3517697, at *2 (M.D. Fla. June 28, 2016) (alterations in original) (citing *Schmidt v. Synergentic Commc'ns, Inc.*, No. 2:14-cv-539-FTM-29CM, 2015 WL

997828, at *2 (M.D. Fla. Mar. 5, 2015)). Additionally, "compliance with Rule 8(c) requires a defendant to set forth 'some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint,' so as to provide the plaintiff fair notice of the grounds upon which the defense rests." *Williamceau*, 2017 WL 2544872, at *1 (quoting *Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016)). As a result, "[i]f an affirmative defense 'comprises no more than bare bones conclusory allegations, it must be stricken.'" *Merrill*, 2015 WL 4496101, at *1 (quoting *Microsoft Corp.*, 211 F.R.D. at 684 (internal citations omitted)).

### III. Analysis

#### A. First Affirmative Defense

Defendant's first affirmative defense states that "Plaintiffs have failed to state a claim upon which relief may be granted" because "Plaintiffs fail to allege sufficient facts to establish their TCPA claim." (Doc. 22 at 10). Plaintiffs contend that this affirmative defense should be stricken because it is not a viable affirmative defense. (Doc. 23 at 4). Plaintiffs argue that they have "*very clearly* stated a claim against Defendant upon which relief can be granted." (*Id.* (emphasis in original)). Additionally, Plaintiffs argue that "failure to state a claim is considered to be a defect in a plaintiff's claim" and is not properly asserted as an affirmative defense. (*Id.*). Thus, Plaintiffs argue that the affirmative defense is due to be stricken. (*Id.* at 4).

In response, Defendant argues that it has already amended the affirmative defense to state the allegations that support this affirmative defense. (Doc. 24 at 3-4). Specifically, Defendant contends that when it called Plaintiffs, Defendant was not using an automatic dialing system or an artificial prerecorded voice. (*Id.* at 4). In fact, as pled in the amended affirmative defense, Defendant notes that it does not "utilize a dialing system with the capabilities necessary to fall

4

under the TCPA." (Doc. 22 at 10). Thus, Defendant argues that the affirmative defense should stand because Plaintiffs have not pled a viable claim under the TCPA. (Doc. 24 at 4). Additionally, Defendant contends that this Court has previously held that failure to state a claim is a viable affirmative defense. (*Id.* at 5 (internal citations omitted)). As a result, Defendant argues that this affirmative defense should not be stricken. (*Id.*).

The Eleventh Circuit has held that a "defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. Accordingly, despite the case law provided by Defendant, the Undersigned finds that Defendant's affirmative defense is not properly asserted as an affirmative defense. (*See* Doc. 23 at 4). Instead, the Undersigned finds that failure to state a cause of action merely alleges a defect in Plaintiffs' prima facie case. *See Maglione-Chenault v. Douglas Realty & Dev., Inc.*, No. 2:13-CV-00811-FTM-SPC-CM, 2014 WL 1389575, at *3 (M.D. Fla. Apr. 9, 2014). As a result, this affirmative defense is improperly asserted as an affirmative defense.

Nevertheless, the proper remedy is not to strike the improper affirmative defense, but rather to construe it as a denial. *Maglione-Chenault*, 2014 WL 1389575, at *3 (citing *Rosada v. John Wieland Homes & Neighborhoods, Inc.*, No. 309-CV-653-J-20MCR, 2010 WL 1249841, at *2 (M.D. Fla. Mar. 25, 2010)). Accordingly, the Undersigned recommends that the Motion be denied with regard to this affirmative defense and that the Court construe this defense as a denial.

### B. Second Affirmative Defense

Defendant's second affirmative defense states only that "Plaintiffs have failed to mitigate their damages." (Doc. 22 at 11). Plaintiffs contend that this affirmative defense is due to be stricken because it "does not provide any details with respect to this bald assertion." (Doc. 23 at 4). Consequently, Plaintiffs argue that the affirmative defense "fails to provide 'fair notice' to the Plaintiffs of the actual nature of the defense and the grounds upon which it rests." (*Id.* at 5). Plaintiffs contend, therefore, that the affirmative defense must be stricken as a matter of law. (*Id.*).

In response, Defendant argues that this affirmative defense gives Plaintiffs notice of the nature of the defense. (Doc. 24 at 6). In support, Defendant contends that the defense is "'sufficiently well-known' and still 'serve[s] the laudable purpose of placing Plaintiff[s] and the Court on notice of certain issues Defendant intends to assert.'" (*Id.* (quoting *Herman*, 2015 WL 12859432, at *3; alterations in original)).

Furthermore, Defendant argues that while not needing to plead all facts at this stage, the "Court does not have to look very far to find examples of Plaintiffs' failure to mitigate." (*Id.* at 7). By way of example, Defendant cites to the filing of this Motion and Plaintiffs' unwillingness to agree to a mediation date prior to the close of discovery. (*Id.*). Defendant implies that Plaintiffs are incurring unnecessary attorney's fees so as to increase the amount of any recovery. (*See id.*).

For purposes of the Motion to Strike, the Undersigned rejects Defendant's argument that Plaintiffs' actions after filing the Complaint concerning attorney's fees constitute a failure to mitigate damages. Defendant cites no legal authority supporting its apparent position that failure

6

to mitigate may be used as affirmative defense in this way in relation to attorney's fees.  (*See* Doc. 23 at 4-5).

While failure to mitigate is not an affirmative defense to the statutory damages, it may be pled when the party is seeking actual damages, as is the case here.  *George v. Leading Edge Recovery Solutions, L.L.C.*, No. 8:13-cv-484-T-24-TBM, 2013 WL 3777034, at *2 (M.D. Fla. July 18, 2013).  However, both the FDCPA and the FCCPA separate actual damages from attorney's fees.  *See* 15 U.S.C. § 1692k; *see also* Fla. Stat. § 559.77(5).  Consequently, while failure to mitigate may be asserted as an affirmative defense vis-à-vis the recovery of actual damages, the manner in which the defense is pled and supported in this case does not suffice to withstand a motion to strike because Defendant asserts the defense in relation to attorney's fees, not actual damages.  (*See* Doc. 22 at 11; *see also* Doc. 24 at 5-8).  Moreover, this affirmative defense, as pled in the Amended Answer and Affirmative Defenses, contains no factual allegations whatsoever.  (*See* Doc. 22 at 11).  As asserted here, this affirmative defense is nothing more than a bare-bones conclusory statement, *see Merrill*, 2015 WL 4496101, at *1, that fails to put Plaintiffs on notice of the nature of the defense, *see Williamceau*, 2017 WL 2544872, at *1.  Consequently, the Undersigned recommends that the Motion be granted with leave to amend in regard to this affirmative defense.

    **C. Third Affirmative Defense**

Defendant's third affirmative defense asserts that Defendant's "telephone system is not an automatic telephone dialing system under the TCPA."  (Doc. 22 at 11 (internal quotations omitted)).  Plaintiffs contend that this affirmative defense is due to be stricken because it is merely a denial of Plaintiffs' allegations.  (Doc. 23 at 5).

In addition, Plaintiffs argue that the affirmative defense is due to be stricken because it is "irrelevant to a determination of liability." (*Id.*). In support, Plaintiffs argue that to be liable under the TCPA, a company need not place the call with the aid of the automatic telephone dialing system, but rather use a system that is capable of such automatic dialing. (*Id.* at 5-6). Consequently, Plaintiffs contend that the affirmative defense should be stricken because it is irrelevant to the suit. (*Id.* at 6).

In response, Defendant simply contends that if the Court finds this affirmative defense to be a denial, the proper remedy is to treat it as such. (Doc. 24 at 8).

The Undersigned is persuaded that this affirmative defense constitutes a denial rather than an affirmative defense. (*See* Doc. 23 at 5). Defendant merely denies the use of an automated dialing system in making the calls at issue. (*See* Doc. 22 at 11).[2] Because striking an affirmative defense is inappropriate where it can be construed as a denial, *see Maglione-Chenault*, 2014 WL 1389575, at *3, the Undersigned recommends that the Motion to strike be denied and that the Court construe this affirmative defense as a denial.

### D.  Fourth Affirmative Defense

Defendant's fourth affirmative defense states that "Plaintiffs fail to state a claim upon which relief can be granted" because Plaintiffs were not charged for the call. (Doc. 22 at 11). Plaintiffs contend that this affirmative defense misreads the relevant statute. (*See* Doc. 23 at 6). In support, Plaintiffs argue that the TCPA "prohibits calls 'to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the

---

[2] As to the merits of the contention, the Undersigned notes that at the pleading stage the Court is to assume the truth of all allegations. *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-CV-705-FTM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014) (internal citations omitted). The burden of proof as to the affirmative defense remains on Defendant, and the parties may raise issues regarding the merits at the proper time. *See id.*

call.'" (*Id.* (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). Consequently, because it stands in contradiction to the plain language of the statute, Plaintiffs argue that this affirmative defense is frivolous and is due to be stricken. (*See id.*).

Defendant makes no argument regarding this affirmative defense. (*See* Doc. 24).

The Undersigned notes that the relevant provision of the TCPA contains the disjunctive "or" when listing the prohibited acts, indicating Congress' intent to permit a claim if any of the listed conditions are satisfied. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The Eleventh Circuit has, in fact, construed the statute in this manner. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256-58 (11th Cir. 2014). Consequently, the Undersigned finds that this affirmative defense is due to be stricken because it is not supported by the plain language of the statute and is, therefore, insufficient as a matter of law. *See Microsoft Corp.*, 211 F.R.D. at 683. As a result, the Undersigned recommends that the Motion be granted as to the fourth affirmative defense and this affirmative defense be stricken with prejudice.

### E.    Fifth Affirmative Defense

Defendant's fifth affirmative defense states that Plaintiffs' claims are barred "to the extent express consent was provided in connection with the alleged number called." (Doc. 22 at 12). Plaintiffs argue that this defense is a mere denial of the allegations and should at best be considered a denial. (Doc. 23 at 6). Additionally, Plaintiffs contend that the affirmative defense is due to be stricken because it is irrelevant insofar as it has no connection to the allegations of the Complaint. (*Id.* at 7).

In response, Defendant first reiterates that if the Court finds this affirmative defense to be a denial rather than an affirmative defense, the proper remedy is to treat it as a denial. (Doc. 24 at 8-9). Nonetheless, Defendant argues that this affirmative defense is more than a mere denial

of the allegations.  (*See id.* at 9).  Rather, Defendant contends that the Eleventh Circuit "expressly stated that consent is an affirmative defense in TCPA cases," and it should not, therefore, be stricken.  (*Id.* (citing *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1304-05 (11th Cir. 2015)).

The Eleventh Circuit has held that consent may be alleged as an affirmative defense in TCPA cases.  *See Murphy*, 797 F.3d at 1304-05.  Defendant is, therefore, entitled to assert consent as an affirmative defense.  *Id.*  Accordingly, the Undersigned recommends that the Motion be denied as to this affirmative defense.

### F. Sixth Affirmative Defense

Defendant's sixth affirmative defense states that Defendant "did not act knowingly, willfully, or intentionally with regard to any alleged violation of the TCPA or other regulatory statutes referenced in the complaint." (Doc. 22 at 12).  Plaintiffs argue that this affirmative defense is due to be stricken because the FDCPA and the FCCPA are both strict liability statutes and under the TCPA, willfulness only affects treble damages.  (Doc. 23 at 7).  Moreover, Plaintiffs argue that this affirmative defense is a denial rather than a defense.  (*Id.*).

In response, Defendant again argues that if the Court deems this affirmative defense a denial, the Court should treat the affirmative defense as a denial.  (Doc. 24 at 10).  Nevertheless, Defendant contends that this affirmative defense is properly asserted because it "serves to potentially mitigate damages" if Plaintiffs state a viable claim under the TCPA.  (*Id.*).  As a result, Defendant argues that this affirmative defense should not be stricken.  (*Id.*).

Under the TCPA, treble damages may be awarded if Defendant acted intentionally or knowingly.  47 U.S.C. § 227.  Because the issue of intent impacts the potential amount of damages to be recovered, the Undersigned finds this affirmative defense is neither immaterial to

the action nor invalid as a matter of law. *See Microsoft Corp.*, 211 F.R.D. at 683. For the same reasons, the Undersigned finds that this affirmative defense is more than a mere denial. As a result, the Undersigned recommends that the Motion be denied as to this affirmative defense.[3]

### G.   Seventh Affirmative Defense

Defendant's seventh affirmative defense states that Plaintiffs' claims are barred under the doctrines of waiver, estoppel, laches, and unclean hands. (Doc. 22 at 12). Plaintiffs contend that this affirmative defense – which is, in fact, an assortment of legal doctrines cobbled together and presented as one affirmative defense – is due to be stricken because "Defendant provides no information as to which doctrines are applicable, nor how any such doctrines are applicable." (Doc. 23 at 7-8). Plaintiffs also argue that the defense "fails to provide 'fair notice' to the Plaintiffs of the actual nature of this defense and the grounds upon which it rests." (*Id.* at 8). Consequently, Plaintiffs contend that the affirmative defense is insufficient and must be stricken. (*Id.*).

In response, Defendant argues that "nearly identical defenses have been permitted by District Courts in Florida." (Doc. 24 at 10 (citing *Herman*, 2015 WL 12859432, at *3)). Defendant contends that, although the affirmative defense is a statement of law, it nevertheless puts Plaintiffs and the Court on notice of the issues that Defendant intends to assert. (*Id.* at 10-11). Consequently, Defendant argues that the affirmative defense should not be stricken. (*Id.* at 11).

---

[3] Alternatively, if the presiding District Judge construes this affirmative defense as a denial, then the proper remedy is not to strike it, but to construe it as a denial. *See Maglione-Chenault*, 2014 WL 1389575, at *3. Accordingly, if the Court deems this affirmative defense to be a denial, the Undersigned recommends that the Motion be denied as to this affirmative defense, and that the Court construe the affirmative defense as a denial.

11

As an initial matter, the Undersigned notes that these defenses are within those enumerated within Fed. R. Civ. P. 8(c) and, thus, put Plaintiffs on notice of the nature of the defenses.  However, the affirmative defense is, as written, nothing more than a bare-bones invocation of the referenced legal doctrines stripped of any supporting factual allegations whatsoever.  *See Merrill*, 2015 WL 4496101, at *1; *see Williamceau*, 2017 WL 2544872, at *1.  Accordingly, the Undersigned finds that this affirmative defense amounts to no more than a bare-bones assertion.  The Undersigned recommends, therefore, that the Motion to strike be granted with leave to amend this affirmative defense to include sufficient factual allegations.

### H.   Eighth Affirmative Defense

In its eighth affirmative defense, Defendant alleges:

> To the extent Plaintiffs establish that [Defendant] violated the law, if at all, such violations were due to *bona fide* errors or omissions.  For example, [Defendant] believed in good faith that consent had been given or that no consent was needed.  Additionally, [Defendant] was unaware of Plaintiffs' retention of counsel or representation, generally, as to matters separate from the foreclosure proceedings, and unaware of any third party authorizations submitted by Plaintiffs.

(Doc. 22 at 12 (italics added)).

Plaintiffs contend that because Defendant stated that "'any violation of state law was unintentional,'" this defense is not applicable to the TCPA because the TCPA is a federal statute. (Doc. 23 at 8).  Consequently, Plaintiffs argue that this affirmative defense is due to be stricken as applied to the TCPA and the FDCPA because it is invalid as a matter of law.  (*Id.*).

Plaintiffs also contend that the affirmative defense must be stricken as to the FCCPA claim because it does not specify the facts giving rise to the affirmative defense and fails to provide Plaintiffs with fair notice as to the nature of the defense.  (*Id.* at 8-9).  Furthermore, Plaintiffs argue that the *bona fide* error defense is governed by the particularity requirement under Fed. R. Civ. P. 9(b).  (*Id.*).  Consequently, even if the facts are sufficient under Fed. R.

Civ. P. 8(c), Plaintiffs contend that the affirmative defense should be stricken because it is insufficient under the particularity requirement of Fed. R. Civ. P. 9(b).  (*Id.*).

In response, Defendant argues that Plaintiffs appear to be relying on the wording from the original Answer and Affirmative Defenses.  (*See* Doc. 16 at 13).  Nevertheless, Defendant contends that it amended this affirmative defense at Plaintiffs' request in the Amended Answer and Affirmative Defenses.  (Doc. 24 at 11).  Further, Defendant argues that it has alleged sufficient facts as to what *bona fide* errors existed so as to put Plaintiffs on fair notice of the nature of the defense.  (*Id.*).  As a result, Defendant contends that the affirmative defense should not be stricken.  (*Id.*).

As an initial matter, Plaintiffs appear to cite and to rely upon language that is not found in either Defendant's Answer and Affirmative Defenses or the Amended Answer and Affirmative Defenses.  (*Compare* Doc. 16 at 13, *with* Doc. 24 at 11).  The Undersigned will, therefore, consider only the language that actually appears under this affirmative defense in the Amended Answer and Affirmative Defenses.

The Undersigned finds that Defendant has failed to plead the required elements of this affirmative defense.  The Eleventh Circuit has held that a "debt collector asserting the *bona fide* error defense must show by a preponderance of the evidence that its violation of the Act:  (1) was not intentional; (2) was a *bona fide* error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1353 (11th Cir. 2009) (italics added).  Although Defendant appears to have sufficiently pled the first two elements, there is no allegation concerning the maintenance of procedures reasonably adapted to avoid such errors.  (*See* Doc. 22 at 12).  In failing to plead any facts to support this defense, Defendant fails even to meet the lower pleading standard of Fed. R. Civ. P.

13

8(c).[4]  Consequently, the Undersigned recommends that the Motion be granted with leave to amend this affirmative defense.

### IV.    Conclusion

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

(1)    Plaintiffs' Motion to Strike Defendant's Amended Affirmative Defenses (Doc. 23)

be **GRANTED IN PART** and **DENIED IN PART** as follows:

(a)    Plaintiffs' Motion should be **GRANTED** as to Defendant's second, fourth, seventh, and eighth affirmative defenses.  Defendant's second, seventh, and eighth affirmative defenses should be stricken without prejudice to Defendant's ability to amend.  Defendant's fourth affirmative defense should be stricken with prejudice.

(b)    Plaintiffs' Motion should be **DENIED** as to Defendant's first, third, fifth, and sixth affirmative defenses.  Moreover, Defendant's first and third affirmative defenses be construed as denials.

Respectfully recommended in Chambers in Fort Myers, Florida on October 31, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

---

[4]  Because Defendant fails to satisfy even the lower pleading standard, the Court need not decide at this time whether the *bona fide* error defense is subject to the heightened pleading standard under Fed. R. Civ. P. 9(b).  *See Roth v. Nationstar Mortgage, LLC*, No. 2:15-cv-783-FtM-29MRM, 2016 WL 7094023, at *3 (M.D. Fla. 2016) (Steele, J.) (noting, without deciding the issue, that several courts have held that the *bona fide* error defense is subject to Rule 9(b)'s heightened pleading standards).

15

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties